C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
UNITED STATES OF AMERICA,

                  - against -

JOEL GONZALES,

                            Defendant.
---------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

10-cr-0531 (BMC)
19-cv-2230 (BMC)

**COGAN**, District Judge.

Defendant seeks habeas corpus relief under 28 U.S.C. § 2255, vacating his 204-month sentence upon his guilty plea to one count of Hobbs Act robbery. His argument is as follows: (1) he was sentenced as a career offender under United States Sentencing Guidelines § 4b1.2 (2014 version); (2) his career offender status was premised, in part, on a prior New York conviction for third degree burglary (N.Y. Pen. Law § 140.20); (3) the only path to career offender status was through the "residual clause" in the 2014 U.S.S.G. § 4b1.2(a)(2); and (4) the Supreme Court effectively held the residual clause unconstitutional in <u>Johnson v. United States</u>, 135 S. Ct. 2251 (2015), and its progeny such as <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018). Therefore, defendant argues, his Guidelines range was improperly calculated.

Several of defendant's assumptions are flawed, and that leads to his conclusion being incorrect as well. In addition, this failure on the merits overlaps with several procedural bars to relief.

First, defendant was not sentenced as a career offender, although, as I noted at sentencing, he was qualified for that treatment. His offense level for the Hobbs Act robbery

without being a career offender was higher than it would have been had he been sentenced as a career offender, and, therefore, I used the offense level from his crime rather than his career offender offense level, as the Guidelines provide. See U.S.S.G. § 4B1.1(b). Specifically, after credit for acceptance of responsibility, the offense level for his crime was 31. Under the career offender Guideline, it would have been 29.[1] His criminal history category, because of his 20 points, was category VI regardless of whether I had used the career offender Guideline or not. So I arrived at a Guidelines range of 188-235 months without regard to the career offender Guideline. In fact, the Guidelines calculation that I used was the same as that set forth in his plea agreement – which also was not based on the career offender Guideline.

Second, even if I had sentenced him as a career offender under the residual clause as it then appeared in the Guidelines, the Supreme Court has since held that the Johnson line of cases does not apply to the Guidelines because they are merely advisory, not statutory mandates. See Beckles v. United States, 137 S. Ct. 886 (2017). The Second Circuit has long held that third degree burglary is a crime of violence under the residual clause, as it stood at the time of petitioner's sentencing. See e.g. United States v. Hendricks, 921 F.3d 320, 332 (2d Cir. 2019).

In fact, the holding of Beckles makes defendant's motion untimely. He relies on Dimaya as creating a right initially recognized by the Supreme Court after his sentence became final, see 28 U.S.C. § 2255(f)(3), so that his one-year period to file his § 2255 motion (see 28 U.S.C. § 2255(f)) did not begin to run until that decision. But since Beckles holds that Johnson and

---

[1] The PSR noted that defendant met the requirements for being a career offender. It did not expressly note, although it should have for purposes of clarity, that because the offense level for his crime was greater than the career offender offense level, the former was applicable. As part of this ambiguity, it also did not expressly note that if one were to apply the career offender level *with* acceptance of responsibility, the level of the offense was higher than the career offender level. However, the PSR in fact used the Guidelines for the offense, not the career offender Guideline, in setting forth the Court's sentencing options: "With a total offense level of 31 and a criminal history category of VI, the defendant's advisory Guidelines range of imprisonment is 188 to 235 months."

Dimaya do not apply to the Guidelines, there has been no "initial[] recogni[tion]" of a new right that could postpone the finality of his conviction. The Second Circuit Mandate dismissing his direct appeal was issued on June 14, 2016; he did not file his § 2255 motion until April 16, 2019, far beyond the one-year period.

In addition to a timeliness bar, defendant's motion is procedurally barred for two other reasons. First, he did not raise this Guidelines issue on his direct appeal. He has thus forfeited it. See Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012). Second, his plea agreement contained an appeal waiver, including a motion under § 2255, conditioned on a sentence at or below 240 months (higher than the top end of his Guidelines range). Since I sentenced him to 204 months, he cannot collaterally challenge the calculation of his Guidelines range.[2]

Thus, defendant's motion is without merit, untimely, and procedurally barred. It is therefore denied. Because the motion presents no substantial constitutional issue, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Troiano v. United States, 918 F.3d 1082 (9th Cir. 2019); United States v. Brown, 731 Fed. Appx. 827, 828 (10th Cir. 2018); Johnson v. United States, No. 18-1353, 2018 WL 4676909, at *1 (6th Cir. July 16, 2018). The Court certifies that an appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 8, 2019

---

[2] In fact, his appeal waiver was one reason that the Second Circuit dismissed his direct appeal.