C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
UNITED STATES OF AMERICA,                  :
                                           :   **MEMORANDUM**
                                           :   **DECISION AND ORDER**
                 - against -               :
                                           :   10-cr-531 (BMC)
                                           :
JOEL GONZALES,                             :
                                           :
                            Defendant.     :
------------------------------------------------------------- X

**COGAN**, District Judge.

Defendant has submitted to the Court a "supplement motion for supporting facts." For the reasons described below, I interpret this as a motion to amend defendant's motion to vacate under 28 U.S.C. § 2255 – denied by this Court on December 9, 2019 – and deny it as futile.

On April 16, 2019, defendant sought habeas relief, under 28 U.S.C. § 2255, vacating his 204-month sentence upon his guilty plea to one count of Hobbs Act robbery. I denied defendant's motion because it was without merit, untimely, and procedurally barred, and declined to issue a certificate of appealability. Defendant appealed to the Second Circuit. On June 3, 2020, the Second Circuit dismissed the appeal because defendant failed to move for a certificate of appealability. Gonzales v. United States, Case No. 20-44, Dkt. 27 (2d. Cir. June 3, 2020). On July 31, 2020, defendant filed the instant "supplement" with this Court.

This filing is not a successive petition for habeas relief because defendant's appeal, dismissed fewer than ninety days ago, is not final for purposes of the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) ("[S]o long as appellate proceedings following the

district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions."); Player v. Artus, No. 06-CV-2764, 2008 WL 324246, at *2 (E.D.N.Y. Feb. 6, 2008) ("An adjudication is not final for purposes of the AEDPA's gatekeeping provisions until the time for seeking Supreme Court review expires." (citing Whab, 408 F.3d at 120)). Thus, the filing is properly before this Court.

I construe this motion as a motion to amend defendant's motion to vacate. See Whab, 408 F.3d at 119 ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."); Gilliam v. United States, No. 13-CV-1271, 2014 WL 3778825, at *1 (E.D.N.Y. July 31, 2014). "[T]he decision to grant a motion to amend the original § 2255 motion is committed to the sound discretion of the district court which applies the standards of Federal Rule of Civil Procedure 15(a)." United States v. Jude, No. 15 CR. 355, 2019 WL 3500284, at *6 (S.D.N.Y. Aug. 1, 2019). A motion to amend should be denied if it would be futile. See id.

Like defendant's motion to vacate, the instant motion is untimely and meritless. This motion contains disjointed notes that cannot fix the problems with the original § 2255 motion. I deny leave to amend as futile.

The Court declines to issue a certificate of appealability because defendant has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). The Court further certifies that an appeal

from this Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      August 7, 2020